UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | Case No. 19-CR-40034 |
| v.   ) | |
| ) | |
| TRISTAN SCOTT BLANK   ) | |
| ) | |
| Defendant.   ) | |

## MOTION FOR ELECTRONIC REVIEW OF PRETRIAL DISCOVERY BY DEFENDANT IN A CORRECTIONAL FACILITY

**COMES NOW** the Defendant, Tristan Scott Blank, by and through the undersigned counsel, and pursuant to *Federal Rule of Criminal Procedure* 16(a)(1)(E), Local Rule 16.2(D), as well as the Fifth and Sixth Amendments to the United States Constitution, respectfully moves this Court for the entry of an Order authorizing the electronic review of pretrial discovery by the Defendant while in a correctional facility, and while deprived of in-person contact with an attorney, in accordance with the conditions and provisions set forth below.  In support of this Motion, Defendant states the following:

1

1. Federal Rule of Criminal Procedure 16 grants criminal defendants a broad right of discovery. The government must disclose, upon a defendant's request, all "documents . . . within the government's possession, custody or control . . . [that are] material to preparing the defense[.]" Fed.R.Crim.P. 16(a)(1)(E).

2. Whether predicated upon the Sixth Amendment's right to compulsory process or the more general Fifth Amendment guarantee of due process, "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S.Ct. 1727, (2006) (quoting *Crane v. Kentucky* 476 U.S. 683, 690, 106 S.Ct. 2142 (1986)).

"The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be 'informed of the nature and cause of the accusation,' who must be 'confronted with the witnesses against him,' and who must be accorded 'compulsory process for obtaining witnesses in his favor.'" *Faretta v. California*, 422 U.S. 806, 819 (1975); see also, *United States v. Stever*, 603 F.3d 747 (9th Cir. 2010) (reversing

defendant's conviction where ruling preventing discovery of relevant evidence violated defendant's Sixth Amendment right to present a defense).

3. Due to the worldwide outbreak of coronavirus 2019 disease (COVID-19), the only way for criminal cases to move forward, and for criminal defendants to review discovery while in custody, is through the use of electronic means.

4. All in person visitation between defendants detained at local jails and their attorneys has been prohibited due to the worldwide outbreak of COVID-19.

5. General Order 20-03, effective April 1, 2020, authorizes the use of electronic means, pursuant to the CARES Act, as a way of moving criminal cases forward during the COVID-19 pandemic.

6. General Order 20-03 presupposes that detained criminal defendants will have a meaningful opportunity to review the evidence against them before deciding how to proceed.

7. Currently, Local Rule 16.2(B) of this Court provides, in relevant part, that pretrial discovery "shall not be given to, or left in the possession

of, the defendant . . ." and that pretrial discovery "shall be kept in the possession and control of defense counsel or its agents at all times . . ."

8. Local Rule 16.2(D) further provides that "[t]he requirements of this Rule may be modified in a particular case for good cause shown upon written agreement of the parties or by order of the Court."

9. Defendant is currently detained at the Henry County Jail pending disposition of this cause and a need exists for the electronic review of pretrial discovery by Defendant. The facility in which the Defendant is detained is suitably equipped to allow for Defendant's electronic review of pretrial discovery and maintains personnel adequately trained to allow for that review in compliance with the protections of Local Rule 16.2.

10. Undersigned counsel has consulted with Henry County Sheriff Kerry Loncka, regarding providing federally detained inmates electronic access to discovery through laptop computers provided by the Federal Defender's Office. The laptops have been inspected by members of the United States Attorney's Office to ensure that they are in compliance with all necessary restrictions and requirements. Sheriff Loncka advised he has no objection to maintaining possession of the laptops and the discovery provided by the United States Attorney's Office and providing both to

defendants under the terms agreed to by the Federal Defender's Office and the United States Attorney's Office.

11. Allowing Defendant the opportunity to electronically review pretrial discovery in this case pursuant to the terms and conditions set forth in this motion, accompanying Order, and policies and procedures established by the United States and the Federal Public Defenders Office, will expedite the resolution of this matter, will advance the interest of justice, and will ensure that the Defendant is afforded his rights as guaranteed by the Fifth and Sixth Amendments.

12. Electronic review of the pretrial discovery by the Defendant will be expressly conditioned upon the following:

    a.    the ongoing compliance at all times by Defendant with the policies and procedures established by the United States Attorney's Office and the Federal Public Defenders Office; and

    b.    the ongoing willingness of the correctional institution to afford the Defendant electronic access to the pretrial discovery pursuant to the policies and procedures established by the United States Attorney's Office and the Federal Public Defenders Office.

13. Attached as Exhibit A is a copy of the "CENTRAL DISTRICT OF ILLINOIS RULES FOR JAIL ELECTRONIC DISCOVERY" which sets

forth the policies and procedures established by the United States Attorney's Office and the Federal Public Defender's Office.

14. Assistant United States Attorney Alyssa opposes this Motion.

**WHEREFORE**, the Defendant respectfully requests that this Court issue an Order permitting the electronic review of pretrial discovery by the Defendant while detained in a manner consistent with this Motion and proposed Order.

TRISTAN SCOTT BLANK, Defendant

By:   /s/Thomas W. Patton
Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX:   309/671-7898
Email: Thomas_Patton@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for the Government, JENNIFER L. MATHEW, Assistant United States Attorney, 1830 2nd Avenue, Rock Island, IL 61201.

> By:   /s/Thomas W. Patton
> Federal Public Defender
> 401 Main Street, Suite 1500
> Peoria, Illinois 61602
> Phone: 309/671-7891
> FAX:   309/671-7898
> Email: Thomas_Patton@fd.org