IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CR-40034 |
| ) | |
| TRISTAN SCOTT BLANK, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S SENTENCING COMMENTARY**

The United States of America, by its attorneys, Gregory K. Harris, United States Attorney for the Central District of Illinois, and Sarah E. Seberger, Assistant United States Attorney, respectfully files its sentencing commentary.

**BACKGROUND AND PRE-SENTENCE REPORT**

**I. Factual and Procedural Background**

The government adopts the recitation of both the factual and procedural background as listed in paragraphs 1-41 of the revised presentence investigation report (PSR). R.41 at 4-10.

## II. Defendant's Criminal History

The government agrees with the criminal history of the defendant as stated in the PSR and adopts the recited criminal history therein.

## III. Witnesses and Evidence

The government does not intend to call witnesses at the sentencing hearing. The government will submit one piece of evidence, Government Exhibit A, and believes the defendant has no objection.

## IV. Objections to Revised Presentence Investigation Report

The government has no pending objections to the PSR. The parties note a scrivener's error in paragraph 39. Victim 19 was age 16 at the time of the offense not 14.

## V. Sentencing Guideline Range

According to the PSR, the defendant's guideline range for imprisonment is 360 months as to each count pursuant to United States Sentencing Guidelines (USSG) 5G1.1(a) and 5G1.2(b). The guideline range for supervised release is 5 years to life.

**VI.   Supervised Release Conditions**

The United States Probation Office has recommended that certain conditions be applied to any term of post-incarceration supervised release or probation. Some of these conditions are mandated by statute, while other conditions are imposed at the Court's discretion. The government has no objection to the proposed discretionary conditions recommended in the PSR, and believes the suggested conditions are appropriate in this case for the reasons laid out in the PSR.

**VII. Crime Victims' Rights Act**

The government has complied with the provisions of the Crime Victims' Rights Act in this case. All known victims have been contacted by the U.S. Attorney's Office. Some victims have affirmatively opted out of receiving additional contact about this case.

<u>**GOVERNMENT'S SENTENCING RECOMMENDATION**</u>

**VIII. Sentence Recommendation**

The government is recommending a total sentence of 27 years or 324 months' imprisonment and 15 years of supervised release concurrent for all counts. This recommendation accounts for a motion pursuant to USSG 5K1.1 which the government intends to

make at the sentencing hearing. While the government is not seeking a fine, there is a mandatory special assessment of $100 per count. There is also a mandatory assessment under 18 U.S.C. § 3014 (a) of $5,000 per count. The government intends to seek restitution in this case and is awaiting additional information from victims on that issue and will supplement this filing.

**IX. Sentencing Factors**

Title 18, United States Code, Section 3553, requires this Court to consider various factors in determining a sentence that is sufficient but not greater than necessary to achieve certain goals. Those factors include (1) the nature and circumstances of offense; (2) the history and characteristics of the defendant; and (3) the need for the sentencing imposed including a sentence that reflects the seriousness of the offense, promotes respect for the law, affords adequate deterrence, protects the public from further crimes of the defendant and provides the defendant with appropriate corrective treatment in the most effective manner. The government has considered the factors set forth in § 3553(a), which will be discussed more fully at sentencing, and highlights the first factor below.

1.   **Nature and Circumstances of the Offense**

The plea agreement, pre-sentence report, Government Exhibit A, and Defendant's Exhibit A provide a vivid description of the crimes of this defendant. The heinous nature of the offenses and devastating impact on the victims is obvious. The defendant manipulated children into producing sexual images for his enjoyment and sexually assaulted children. Many of these children were boys the defendant knew through his position as a basketball coach. Some of this activity was part of a scheme with a co-conspirator, who at times during the scheme also manipulated and coerced the defendant's involvement in the scheme. The defendant did have a slightly lesser role in the scheme than his co-conspirator. However, additional criminal behavior and exploitation of children by this defendant occurred outside the confines of that conspiracy. As the defendant admitted in his interview with law enforcement, two victims were targeted and approached outside of any agreement with his co-conspirator. See Government Exhibit A, page 2. This defendant did not commit these crimes because he is homosexual or because he was under duress, but because it aroused him, and he took pleasure in it.

5

**Summary**

This defendant knowingly and consensually participated in sexual activity which revolved around blackmailing and sexually assaulting children. There is no sentence which can reverse the damage cause by this defendant on the victims and their parents. The sentence recommended by the government in these cases would achieve the goals of sentencing by promoting respect for the law, affording adequate deterrence, and would protect the public from further crimes of the defendant.

    Respectfully submitted,

    GREGORY K. HARRIS
    UNITED STATES ATTORNEY

By:   */s/ Sarah E. Seberger*
    Sarah E. Seberger, IL Bar No. 6313942
    Assistant United States Attorney
    United States Attorney's Office
    318 South 6th Street
    Springfield, IL 62701
    Telephone: 217-492-4450
    Email: sarah.seberger@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Sarah E. Seberger*
Sarah E. Seberger
Assistant United States Attorney
